F. Cabrera & Brother, Plaintiffs and Appellees, *v.* Muñiz, Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action of Unlawful Detainer.

No. 2713.—Decided June 6, 1922.

Unlawful Detainer — Weighing of Evidence. — It not being shown that the court committed the only error assigned, consisting in that upon weighing the evidence of this case it found that the owner of the property from which eviction was sought was the plaintiff and not the defendant, the judgment should be affirmed.

The facts are stated in the opinion.
*Mr. J. Alemañy Sosa* for the appellant.
*Messrs. Benet & Souffront* for the appellees.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal in an action of unlawful detainer which originated in the District Court of Mayagüez.

The plaintiffs alleged that they were the owners of certain rural properties which were described in the complaint; that the defendant held and detained the possession of the said properties without paying any rent and against the will of the plaintiffs, and that demand had been made upon him to vacate the properties and he had refused to do so without good cause or right.

The court below sustained the complaint and the defendant appealed to this court from that judgment.

Only one error is assigned by the appellant and that is that the court below erroneously weighed the evidence in sustaining the complaint.

From the pleadings of the parties there appears to be a conflict of titles, for both the plaintiffs and the defendant

claim the ownership of the properties described in the complaint. But the documentary evidence examined at the trial suggests nothing of the sort. By a deed executed on January 7, 1915, before notary Juan Quintero, defendant Juan Lorenzo Muñiz and his wife sold to Augusto Ortiz the properties to which the complaint refers and reserved the right to repurchase the properties within five years from the date of the deed. It was agreed also that while the right to repurchase existed the defendant would hold the possession of the properties as tenant, paying a rent of $240 annually and the taxes.

On February 27, 1915, Augusto Ortiz sold the same properties to the plaintiffs by a deed executed before notary José Sabater, with the same reservation of right with which they were acquired by the said Ortiz. Afterwards both sales were consummated because the properties were not redeemed either by the defendant or by Ortiz before the expiration of the time agreed upon for their redemption.

The sale by the defendant to Augusto Ortiz, which was perfected because of his failure to redeem the properties, divested the former of all right, title or interest in or to the said properties; therefore the allegation that he was in possession of the properties as owner is devoid of any foundation. It appears, however, that the defendant attempted to attack the validity of his contract of purchase and sale with Ortiz by testifying that their agreement was for a loan secured by a mortgage on the properties and not a sale, but in regard to this we have only his own testimony, and the court below gave it no credit, for it was rather prejudicial to the defendant when he admitted that he had also entered into a lease contract.

The appellant also undertakes in his brief to show that the second conveyance by Ortiz to the plaintiffs was really a mortgage and not a sale and that the plaintiffs, therefore, did not become the owners. But the said Ortiz is not a party to

this action. He is not the defendant, and he alone as de-fendant could question the character, nature or class of his conveyance to the plaintiffs and, therefore, the defendant can not licitly set up in his favor any defense that might be available to the person to whom he had conveyed the ownership of the properties.

Let us see now what was the legal status of the defendant with regard to the properties. The contract of lease which he made with Ortiz and which existed during the period for redemption and was recognized in the second conveyance to the plaintiffs, terminated at the expiration of the time allowed for the redemption of the properties, that is to say, not because of the consummation of the contract, but because the term agreed upon therefor was the same as that agreed upon for redemption. But at all events, whatever the term of the lease, and in the absence of an allegation that it was recorded, the said contract terminated with the second sale by Ortiz to the plaintiffs and the defendant continued in possession of the properties as a mere tenant subject to the will of the plaintiffs.

The exception taken to the ruling of the court below refusing to admit the tax receipts offered in evidence is not as important as it has been attempted to show. By the contract of lease the defendant assumed the obligation to pay the taxes, and aside from the fact that this kind of evidence is not of itself sufficient to prove an ownership title, it was not admissible in the manner in which it was offered.

For the foregoing reasons the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.